Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMERSON H. WOODRUFF, Respondent, for Compensation under the Workmen's Compensation Law, *v.* R. H. HOWES CONSTRUCTION COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — accident defined — felon on hand caused by use of screw driver.**

An accident within the meaning of the Workmen's Compensation Law may be defined as an unlooked-for mishap or untoward event which is not expected or designed.

Accordingly a felon which is the unexpected result of the bruising of the claimant's hand through the ordinary use of a screw driver in the course of his employment will be deemed to have been the result of an accident within the meaning of the Workmen's Compensation Law, for which an award may be made.

H. T. KELLOGG, J., dissented.

APPEAL by the defendants, R. H. Howes Construction Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of March, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Bernard L. Shientag,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The question involved in this appeal is whether the injury to the claimant was the result of an accident. He was a carpenter, and had been employed for three or four weeks preceding December 23, 1918, at the United States Government Hospital at Otisville, N. Y. For two weeks he had been employed in hanging doors and sash, pressing the handle of a screw driver, bruising, as he believes, the palm of his hand which resulted in a felon. At times he fastened a pin in the jamb with the screw driver and hit the screw driver with his hand. He said the pain was several days coming on. On Saturday, December twenty-first, he felt a pain between the first and second fingers very much as though he had run a splinter in the palm of his hand. On Sunday the pain was severe. On Monday he worked but with pain. On Tuesday, December twenty-fourth, he went to a doctor who lanced the swelling from which pus came. There was no evidence of any undue strain, nor of any puncture. Under this undisputed state of facts the appellants claim that the claimant was not entitled to an award; that an injury, to be the result of an accident, must be traceable to a definite time, place and cause.

Accident is defined in *Mutual Accident Association* v. *Barry* (131 U. S. 100, 121), quoted by defendants' counsel, " as meaning 'happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected;' that, if a result is such as follows from ordinary means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means."

The appellants have cited several decisions of the courts of England holding that the injury was not the result of an accident where the occurrence was not accompanied by any slip, wrench or strain, or where the person injured was unable to give any specific time of the happening of the accident.

Contrary to the holding of these cases is that of the House of Lords in *Clover, Clayton & Co.* v. *Hughes* (3 B. W. C. C. 275), where a workman suffering from an advanced aneurism of the aorta was doing his work in the ordinary way by tightening a nut with a spanner. This ordinary strain caused a rupture of the aneurism resulting in death. Held, that the workman's death resulted from a personal injury by accident. But these cases are subject to the ruling of the House of Lords in the case of *Fenton* v. *Thorley*, in which the claimant ruptured himself at work: " there was no evidence of any slip or wrench or sudden jerk." Held, that it was an accidental injury. The House of Lords defined the meaning of " personal injury by accident " in the English Workmen's Compensation Act, 1897 (60 & 61 Vict. chap. 37, § 1) as an unlooked-for mishap or an untoward event which is not expected or designed. (*Fenton* v. *Thorley & Co., Ltd.*, L. R. [1903] A. C. 443; 5 W. C. C. 1.)

The felon was the unexpected result of the bruising of claimant's hand.

In *Swart* v. *Town of Shelby* (186 App. Div. 927) a teamster dumped twenty or thirty loads of dirt each day, striking the lever with his hand. It pained him, and he was obliged to desist from work. On examination the doctor found the palm of his hand calloused, and a blood blister, and evidences

of infection.  The infection spread to his arm, necessitating amputation and causing his death.  An award of compensation was affirmed by this court.

The award should be affirmed.

All concurred, except H. T. KELLOGG, J., dissenting.

Award affirmed.